THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: _____

CINTAS CORPORATION, a Washington
Corporation,

    Petitioner,

vs.

JONATHAN ALLRED, MICHAEL LEE
ALLSHOUSE, CHRISTOPHER J. AMES,
SILAS RAY "BO" BOLEN JR., THOMAS
SCOTT BRANSCOME, JAMES RYAN
CRAWFORD, CHAD CREWS, JEAN
LANDE DIXON, ROY DIXON III,
KENNETH FARTHING, RICK FERRELL,
JON CURTIS FINCHAM, SARAH
HANSON, CADERIS HEATH, SIDNEY
HOWELL, JEFF C. JOHNSON, MARK H.
JOHNSON, TODD JOHNSON, THOMAS
JAP LEDBETTER SR., JOE K. MARTIN,
STEVEN MCCABE, AARON R. MCCOIN,
KEVIN NEIL MONTEITH, CARL T.
MORELL JR., CHRIS OBLINGER, CECIL
PURCELL, SCOTT ROBINETTE,
ANTONIO ROBINSON, JAMES DANIEL
RUDD, STEVEN SHEETS, BRIAN JAMES
SHELTON, MICHAEL SMITH,
CHRISTOPHER STRADER, JAMES
THERIAULT, THOMAS WEBB,
STEPHEN WEISBECKER, ROBERT
WILLIAMS, and WILLIAM YOWELL,
individuals,

    Respondents.

**PETITION FOR ORDER DIRECTING ARBITRATION TO PROCEED IN THE MANNER PROVIDED FOR IN WRITTEN AGREEMENT FOR ARBITRATION, IN ACCORDANCE WITH THE TERMS OF THE AGREEMENT, PURSUANT TO 9 U.S.C. §4**

    1.    Petitioner Cintas Corporation (hereinafter "Cintas") hereby petitions this Court for an Order pursuant to Section 4 of the Federal Arbitration Act (9 U.S.C. §4) directing each of the individuals listed on Exhibit 1 to this Petition (hereinafter "Respondents") to proceed in this judicial district with arbitration of his or her alleged disputes with Cintas in accordance with the terms of the individual written employment agreement between him or her and Cintas.

1

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this proceeding under Section 4 of the Federal Arbitration Act (9 U.S.C. §4) and under 28 U.S.C. §1331 in that each of the Respondents has asserted claims against Cintas under the Fair Labor Standards Act (29 U.S.C. §§201 *et seq.*) ("FLSA"), which claims each Respondent has refused and continues to refuse to arbitrate in accordance with the terms of his or her written agreement with Cintas.

3.      Venue in this judicial district is appropriate under 28 U.S.C. section 1391 (a) because a substantial part of the events or omissions giving rise to each of the Respondents' underlying claim against Cintas occurred in this judicial district and because a substantial part of the events or omissions giving rise to Cintas' claim which is the subject of this Petition occurred in this judicial district.  Each of the Respondents is or claims to be a current or former employee of Cintas who was last employed by Cintas in this judicial district. Each Respondent's respective employment agreement requires arbitration of disputes between him or her and Cintas to take place in a county within this judicial district.

## BACKGROUND

4.      On March 19, 2003, certain individuals who are not parties to this Petition filed a lawsuit against Cintas in the United States District Court for the Northern District of California alleging claims for relief under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.*, the Employee Retirement Income Safety Act ("ERISA") 29 U.S.C. §§1001 *et seq.*, certain state wage and hour laws, and the California Unfair Competition Law (California Business & Professions Code § 17200 *et seq.*) styled as <u>Veliz et al v. Cintas Corporation etc</u>., Case No, C-03-01180 (SBA)(N.D.Cal.)(hereinafter "the Northern California Action").  The gravamen of plaintiffs' claims in the Northern California Action was that they were improperly characterized as "exempt" employees and were not paid overtime compensation.

5.      Certain of the plaintiffs in the Northern California Action purported to act as representatives of a putative "opt-in" collective action under Section 16(b) of the Fair Labor

2

#858227_1.DOC

Case 3:06-cv-00114-DCK   Document 1   Filed 03/10/06   Page 2 of 11

Standards Act (29 U.S.C. §216(b)), as representatives of a putative nationwide Rule 23 class action under ERISA, and as representatives of certain putative state sub-classes under Rule 23.

6. Each of the Respondents to this Petition subsequently filed with the Court in the Northern California Action "Consents to Sue" and purported to opt-in to the Northern California Action and assert claims for "unpaid overtime premiums under the federal Fair Labor Standards Act ('FLSA') 29 U.S.C. §216(b)" and also purported to designate Altshuler, Berzon, Nussbaum, Rubin & Demain, Traber & Voorhees, and Lerach, Coughlin, Stoia & Robbins, LLP, to represent him or her in the Northern California Action.

7. Each Respondent to this Petition is party to an individual employment agreement with Cintas that provides for binding arbitration of all disputes with Cintas, including statutory claims such as the FLSA claims asserted by Respondents in the Northern California Action. A copy of each Respondent's employment agreement is submitted herewith, alphabetically by Respondent's surname, as an Exhibit to the Declaration of Jenice Clendening submitted herewith.

8. Each Respondent's employment agreement requires that such arbitration between him or her and Cintas be "conducted in accordance with the American Arbitration Association's National Rules for the Resolution of Employment Disputes and [that it be] held in the county and state where [the Respondent] currently works for [Cintas] or most recently worked for [Cintas]."

9. On June 3, 2005, Cintas moved to stay further proceedings by Respondents in the Northern California Action pursuant to Section 3 of the Federal Arbitration Act (9 U.S.C. §3). Section 3 provides as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

3

10. Plaintiffs in the Northern California Action (including the Respondents hereto) did not deny that they were required to arbitrate their FLSA claims against Cintas. Instead, through their counsel, plaintiffs in the Northern California Action (including Respondents hereto) filed a cross-motion requesting that the Court deem Cintas' motion to stay under Section 3 of the Federal Arbitration Act be, in effect, a petition to compel under Section 4 of the Federal Arbitration Act.

11. In so moving, Respondents were seeking preemptively to nullify each of their express place-of-arbitration terms by arguing that, under Section 4 of the Federal Arbitration Act, a district court is limited in its power to compel arbitration only in the district where the petition is filed. Previously, in motion proceedings that did not apply to Respondents on this point, the District Court in the Northern California Action had ruled that Section 4 of the Federal Arbitration Act dictates that the arbitral hearing and any other arbitral proceedings be held in the judicial district where the motion under Section 4 of the Federal Arbitration Act is filed, even if the motion under Section 4 of the Federal Arbitration Act is filed by a defendant in an action filed by plaintiffs who are subject to place-of-arbitration provisions that would ordinarily require arbitration elsewhere. In so ruling, however, the Northern California District Court expressly limited the scope of its ruling to the 56 plaintiffs who had been the subject of Cintas' Motion to Compel in the Northern California Action, which does not include any of the Respondents hereto.

12. In this context, as to the Respondents hereto, Cintas expressly chose not to move or petition the Northern California District Court to compel arbitration under Section 4 of the Federal Arbitration Act, but instead expressly moved in that Court only for a stay of litigation under Section 3 of the Federal Arbitration Act. Cintas expressly reserved – including in but not limited to submissions on the record in the Northern California Action on December 14, 2004 and September 6, 2005 -- its right to petition in this District Court under Section 4 of the Federal Arbitration Act, although Cintas continued to have that right regardless whether or not it

4

reserved that right.

13. Prior to the hearing on the relevant motions, the Northern California District Court ordered the parties to complete a meet and confer process and submit a joint stipulation identifying: (a) which plaintiffs in the Northern District Action may litigate their claims before the Northern California District Court, (b) which plaintiffs are required to arbitrate their claims, and (c) which plaintiffs the parties are unable to agree fall in either of the two categories. The order further directed that the joint stipulation specifically reference plaintiffs by name, by applicable Employment Agreement (the enforceability of which the Northern California District Court had previously ruled upon or was called on to rule upon in the then-pending motions) and any other identifying information the parties believed would be helpful. Exhibit 1 to Request for Judicial Notice submitted herewith [Docket No. 500 in Northern California Action].

14. The parties submitted their joint stipulation on September 29, 2005. Exhibit 2 to Request for Judicial Notice submitted herewith [Docket No. 501 in Northern California Action].

15. Thereafter, on the record of a hearing on the motions then-pending before the Northern California District Court, Respondents hereto stated unequivocally through their counsel in the Northern California Action -- Michael Rubin of Altshuler, Berzon, Nussbaum, Rubin & Demain -- that they do not intend to arbitrate in accordance with the terms of their enforceable agreements with Cintas in that they will not observe the place-of-arbitration terms in their agreements but will instead seek to proceed in a single arbitration in San Francisco. Exhibit 3 to Request for Judicial Notice submitted herewith at 87:15-18 [Docket No. 512 in Northern California Action]; Declaration of Mark C. Dosker submitted herewith.

16. By Order filed on February 14, 2006, the Northern California District Court granted Cintas' motion to stay under Section 3 of the Federal Arbitration Act and rejected all of the arguments by the opt-in plaintiffs (including Respondents hereto) that the Court should allow Respondents hereto to proceed in arbitration in Northern California. On the record of the hearings on those motions, the Northern California District Court stated that the arguments by

5

#858227_1.DOC
Case 3:06-cv-00114-DCK   Document 1   Filed 03/10/06   Page 5 of 11

the opt-in plaintiffs in the Northern California Action (including Respondents hereto) were without any basis in fact or law and that the opt-in plaintiffs (including Respondents hereto) had no statutory or case authorities or even factual support for their motion, and that plaintiffs' counsel had no answer – as to why the opt-in plaintiffs (Respondents herein) were disregarding what each of the opt-in plaintiffs (Respondents herein) had agreed to in his or her enforceable arbitration agreement -- other than the strategic desire of their counsel to have all such persons in one location. Exhibit 3 to Request for Judicial Notice submitted herewith, at 14:15-19, 16:15-17, 97:9-17; and Exhibit 4 to Request for Judicial Notice submitted herewith, at 4:3-14, 7:5-10 and 25:2-28:4 [Docket No. 518 in Northern California Action].

17. A copy of the Court's Order filed on February 14, 2006 is attached hereto as Exhibit 5 to Request for Judicial Notice submitted herewith. [Docket No. 516 in Northern California Action]. The Court's Order adopts the reasons the Court stated on the record at the hearings on those motions. Id., at 1:25-27. Repeatedly at those hearings, the Court stated that the arbitration agreements are enforceable. See, e.g., Exhibit 3 to Request for Judicial Notice submitted herewith, at 5:4-6:2, 8:22-9:18, 10:18 and 12:19; and Exhibit 4 to Request for Judicial Notice submitted herewith, at 6:23.

18. Despite the Northern California District Court's Order that litigation be stayed until each of the Respondents herein have arbitrated in accordance with the terms of his or her individual employment agreements, however, each of the Respondents has failed or neglected or refused, and continues to fail or neglect or refuse, to arbitrate in accordance with the terms of his or her agreement and continues to fail or neglect or refuse to comply with his or her agreement. Indeed, counsel for plaintiffs in the Northern California Action (including Respondents herein) stated on the record in the Northern California Action that they would seek to have the claims heard in arbitration in Northern California. Exhibit 3 to Request for Judicial Notice submitted herewith at 87:15-18; Declaration of Mark C. Dosker submitted herewith.

19. Meanwhile, earlier in the Northern California Action, the Northern California

District Court has already held as a matter of federal law that Respondents have no substantive right to proceed collectively or as a class in arbitration. Exhibit 6 to Request for Judicial Notice submitted herewith at pp. 4-7 [Docket No. 426 in Northern California Action].

20. In a teleconference on March 1, 2006, Respondents hereto again stated unequivocally through their counsel in the Northern California Action -- Michael Rubin of Altshuler, Berzon, Nussbaum, Rubin & Demain -- that they do not intend to arbitrate in accordance with the terms of their enforceable agreements with Cintas in that they will not observe the place-of-arbitration terms in their agreements but will instead seek to proceed in a single arbitration in San Francisco. Declaration of Mark C. Dosker submitted herewith.

21. To date, none of the Respondents herein has initiated arbitration against Cintas in the county where he or she currently works for Cintas or last worked for Cintas.

22. Cintas is entitled under Section 4 of the Federal Arbitration Act to an Order directing each of the Respondents to proceed in this judicial district with arbitration of his or her alleged disputes, as more fully set forth in this Petition.

**PETITION**

23. Cintas incorporates by reference the allegations in paragraphs 1 through 22 of this Petition as though set forth fully herein.

24. Section 4 of the Federal Arbitration Act (9 U.S.C. §4) provides in pertinent part that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply

> therewith is not in issue, the court shall make an order directing
> the parties to proceed to arbitration in accordance with the terms
> of the agreement. The hearing and proceedings, under such
> agreement, shall be within the district in which the petition for
> an order directing such arbitration is filed.

25. Cintas has established in the Northern California Action that each of the Respondents is a party to a written agreement to arbitrate and that their claims arising under the Fair Labor Standards Act are subject to arbitration. Having litigated these issues in the Northern California Action, each Respondent is bound by that court's decision. Moreover, each Respondent has admitted these points.

26. The District Court in the Northern California Action has entered its Order staying further proceedings by each of the Respondents until each of the Respondents has arbitrated in accordance with the terms of his or her agreement, as required by Section 3 of the Federal Arbitration Act.

27. Respondents hereto have stated on the record in the Northern California Action, and again by teleconference on March 1, 2006, through their counsel in that action -- Michael Rubin of Altshuler, Berzon, Nussbaum, Rubin & Demain -- that they refuse to arbitrate in accordance with the terms of their agreements with Cintas in that they will not observe the place-of-arbitration terms in their agreements but will instead seek to proceed in a single arbitration in San Francisco.

28. Cintas is aggrieved by each of the Respondents' failure or neglect or refusal to arbitrate in accordance with the terms of his or her written agreement for arbitration.

29. Because "the making of the arbitration agreement" has already been conclusively established through litigation as between Cintas and each Respondent hereto, in the Northern California Action, and moreover having been admitted by the Respondents, it is already established and is not in issue in this Petition proceeding.

30. Because Respondents hereto have stated on the record through their counsel in the

8
#858227_1.DOC
Case 3:06-cv-00114-DCK    Document 1    Filed 03/10/06    Page 8 of 11

Northern California Action that they will not observe the place-of-arbitration provisions in their agreements, and because each of the Respondents have otherwise failed and neglected and refused to comply with his or her enforceable arbitration agreement as written, each of Respondents' "failure, neglect or refusal" to comply with his or her arbitration agreement is already established and is not in issue in this Petition proceeding.

31. For the foregoing reasons, Cintas is entitled to an Order under Section 4 of the Federal Arbitration Act directing that each of the Respondents proceed in this judicial district with arbitration in the manner provided for in his or her employment agreement with Cintas, and directing that such arbitration be held within the county and state where each Respondent currently works for Cintas or last worked for Cintas and, in no event, be held anywhere outside this judicial district.

# PRAYER

WHEREFORE, Cintas prays for the following relief:

1. For an Order under Section 4 of the Federal Arbitration Act directing that each of the Respondents proceed with arbitration in this judicial district in the manner provided for in his or her employment agreement with Cintas, and that each such arbitration be held within the county where each such Respondent currently works for Cintas or last worked for Cintas and, in no event, be held anywhere outside this judicial district;

2. For costs of action incurred herein, including reasonable attorneys' fees to the extent allowed by law;

3. Such other and further legal and equitable relief as Cintas may request.

This the 10th day of March, 2006

SQUIRE, SANDERS & DEMPSEY L.L.P
Mark C. Dosker (CA Bar #114789)
Email: mdosker@ssd.com
Michael W. Kelly (CA Bar #214038)
Email: mkelly@ssd.com
Joseph A. Meckes (CA Bar # 190279)
Email: jmeckes@ssd.com
Attorneys for Petitioner
Cintas Corporation
One Maritime Plaza, Third Floor
San Francisco, CA  94111-3492
Telephone: +1.415.954.0200
Facsimile: +1.415.393.9887

SMITH, ANDERSON, BLOUNT, DORSETT,
 MITCHELL & JERNIGAN, LLP

By: /s/ James K. Dorsett, III
 James K. Dorsett, III
 North Carolina State Bar 7695
 Email: jdorsett@smithlaw.com
 Post Office Box 2611
 Raleigh, NC 27601
 Telephone: 919-821-1220
 Facsimile: 919-821-6800
 LR 83.1 Counsel
 Attorney for Petitioner
 Cintas Corporation